64 F.3d 674
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Frisco F. FILAMOR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3282.
 United States Court of Appeals, Federal Circuit.
 July 27, 1995.
 
 Before NEWMAN, Circuit Judge, CLEVENGER, Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 RADER, Circuit Judge.
 
 
 1
 The Office of Personnel Management (OPM) moves for summary affirmance of the Merit Systems Protection Board's decision holding that Frisco F. Filamor was not entitled to retirement benefits under the Civil Service Retirement Act (CSRA), 5 U.S.C. Sec. 8331 et seq. The court accepts Filamor's untimely opposition.
 
 
 2
 Filamor was employed from 1966 until 1992 by the Department of the Navy in Subic Bay, Philippines. In 1992, Filamor retired when the base closed, and he applied for retirement benefits under the CSRA. OPM denied Filamor's application, and he appealed OPM's denial to the Board. The Administrative Judge (AJ) determined that Filamor had served under an indefinite appointment in the excepted service that was specifically excluded from CSRA coverage pursuant to 5 C.F.R. Sec. 831.201(a)(1) and 5 C.F.R. Sec. 831.201(a)(13). Thus, the AJ determined that while Filamor had completed at least five years of creditable federal civilian employment, he had not been employed in a position covered by the CSRA. See 5 U.S.C. Sec. 8333(b); 5 U.S.C. Sec. 8347(g). Filamor petitioned this court for review.
 
 
 3
 This court recently considered the issues raised by Filamor. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed. Cir. 1995), Juanita Rosete argued that an "indefinite" appointment, such as hers, was not encompassed by the language of the statute that excluded only "temporary or intermittent" appointments. We held that OPM's regulation interpreting "temporary" as including indefinite appointments was "both reasonable and of long standing." Rosete, 48 F.3d at 519. Accordingly, we concluded that a federal retiree who had held an indefinite appointment in the excepted service did not have covered service within the meaning of the CSRA. Rosete, 48 F.3d at 520.
 
 
 4
 OPM argues that the Board's decision that Filamor was not entitled to retirement benefits should be summarily affirmed based on our holding in Rosete. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. This case involves the same issue that was presented in Rosete. As in Rosete, Filamor held only an indefinite appointment in the excepted service. Further, the Board found that there was no evidence that Filamor made contributions to the civil service retirement fund or that he was otherwise subject to the CSRA.
 
 
 5
 In his informal brief filed before the court decided Rosete, Filamor argues that the 1956 Act narrowed the permissible exclusions from coverage, because the Act used the terminology "temporary or intermittent" to describe the tenure of employment rather than the previous Act's use of "intermittent or of uncertain duration." However, we held in Rosete that the legislative history of 5 U.S.C. Sec. 8347(g) shows that Congress did not contemplate any change in the categories of executive branch employees that could be excluded from CSRA coverage. Rosete, 48 F.3d at 518.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) OPM's motion for summary affirmance is granted.
 
 
 8
 (2) Each side shall bear its own costs.